UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KEN LAX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:10-CV-333-TS |
| | ) | |
| AUTO OWNERS INSURANCE | ) | |
| COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Ken Lax, a plaintiff proceeding pro se, filed a document labeled "Petition for Transfer to the United States District Court," which purports to be a Complaint against multiple defendants. [DE 2]. He also filed an Application to Proceed Without Prepaying Fees or Costs (*in forma pauperis*) [DE 3]. For the reasons set forth below, the Plaintiff's Application is DENIED, and the Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff reports that he has no cash on hand and no income. He has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed *in forma pauperis*, a court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard). For a complaint to survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. —,—; 129 S. Ct. 1937, 1949 (2009).

Here, Lax's pro se Complaint is quite difficult to parse,[1] but it is apparent that his claims stem from a lawsuit he brought in Indiana state court. Documents he attaches to the Complaint reflect that in March 2010 he brought a pro se suit against the Defendants in Indiana state court claiming that they breached his insurance policy by failing to pay a claim he made for damaged property. [*See* DE 2-3; *see also* DE 1.] On July 2, 2010, the state trial judge dismissed his complaint without prejudice, granting him 30 days to file an amended complaint that complied with state procedural requirements. [DE 2-3 at 8.] In lieu of filing an amended complaint, Lax filed a motion to set aside the judgment or, alternatively, to "transfer" the case to the United States District Court. [*Id.*] The state judge denied that motion. [*Id.*] Lax then filed his "petition to transfer" in this Court. [DE 2.] In the document, he alleges that the state judge "committed fundamental reversible error" in dismissing his case. [*Id.* at 4.] He "moves this Court to review the decision of the lower court as a matter of right." [*Id.* at 1.]

This Court does not have jurisdiction to review or reverse orders issued in a state court case. *See Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) (observing that under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). That is precisely what Lax is asking the Court to do here. If he is dissatisfied with the state trial judge's order, the appropriate remedy would be to seek an appeal in state court; there is no jurisdictional basis for the case to be "transferred" to this Court. To the extent Lax is attempting to "remove" the case to federal court, only the defendant is entitled to remove a case, and Lax is the plaintiff in the state case. *See* 28 U.S.C. § 1446.

---

[1] For instance, much of the complaint centers around Lax's apparent belief that "Kenneth Robert Lax" and "KEN LAX" are "separate, distinct, and diverse." [*See* DE 2 at 5.]

**CONCLUSION**

For the foregoing reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepaying Fees [DE 3], and **DISMISSES FOR LACK OF JURISDICTION** the Complaint [DE 2] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on August 24, 2010.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION